IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

MAY  8 2025

Clerk, U.S. District Court
By_____ CM _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DANNY MARTEL GRIFFIN,<br>a/k/a "Martel",<br>a/k/a "Tel",<br>a/k/a "Whale",<br><br>Defendant. | Case No. 22-CR-10053-01-EFM |

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorney Aaron L. Smith and Katherine Andrusak, and Danny Martel Griffin, the defendant, personally and by and through his counsel, David M. Rapp, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Superseding Information charging a violation of 21 U.S.C. § 846, that is, Drug Conspiracy. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Information to which he has agreed to plead guilty is not more than 20 years' imprisonment, not more than a $1,000,000.00 fine, at least 3 years of supervised release, and a $100.00 mandatory special assessment. The defendant agrees to waive Indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 22-01

From on or about or before June, 2019, and through at least June 29, 2022, in the District of Kansas and elsewhere, Danny Martel Griffin (defendant) did conspire to possess with the intent to distribute of fentanyl, heroin, and cocaine, all controlled substances.

An investigation revealed that the defendant sourced controlled substances, primarily from Arizona, and provided them for re-distribution in Kansas. The conspirators distributed fentanyl primarily, but also sold heroin and cocaine. The defendant used co-defendants to deliver, store and distribute controlled substances for the benefit of the defendant and conspirators. The defendant used the drug proceeds to purchase or obtain property and property interests. The defendant used co-defendants and other co-conspirators to disguise his true ownership interest in the properties.

The defendant conspired with others to distribute controlled substances, represent themselves as property owners, conduct financial transactions to disguise his ownership of property or control of money, and acted in concert with co-conspirators to purchase and distribute the controlled substances. The defendant maintained drug ledgers to track money owed to the defendant by his co-conspirators.

The defendant admits to committing, acting in concert and/or directing the following acts as part of the drug conspiracy:

During the course of the conspiracy, Leigh Taylor and Tevin Taylor did knowingly use, maintain and control, permanently and temporarily, a residence a 11307 W. Cindy in Wichita, Kansas. The residence was available for use for the unlawful storage and distribution of fentanyl and cocaine as part of the defendant's activity. Leigh Taylor and Tevin Taylor distributed controlled substances at the direction of the defendant. During the relevant time, the defendant was married to Leigh Taylor's daughter.

On or about June 29, 2022 a search warrant was executed on 11307 W. Cindy and at least 352 grams of cocaine and 663 grams of fentanyl were seized. The cocaine and fentanyl are confirmed to be controlled substances. The defendant admits the substances seized were intended for distribution.

The defendant admits that at all times relevant he was aware that cocaine, heroin and fentanyl were controlled substances and illegal to possess and/or distribute.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands

and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant understands that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3. However, the parties have reached an agreement as further defined in paragraph 5 of this agreement.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Indictment and the Superseding Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment and the Superseding Indictment;

(c) the parties agree the controlled substances attributable to the defendant are those seized on or about June 29, 2022 at 11307 W Cindy, 2501 E Douglas and seized on or about March 22, 2021 in the District of Arizona;

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty; and

    (e)    to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of

Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant agrees to the forfeiture of his interest in the following property, whatever that interest might be if any, to the United States in this case, or in any administrative or civil judicial forfeiture proceeding, including District of Kansas Case No. 22-1150:

> A. Approximately $10,000.00 as substitute res for real property located at 25 South Sherman Avenue, Liberal, Kansas, more particularly described as: SURFACE AND SURACE RIGHTS ONLY, in and to: Lot Twenty (20) – Twenty-One (21), Block Thirty-Nine (39), ORIGINAL TOWN OF LIBERAL, to the City of Liberal, Seward County, Kansas;
>
> B. Approximately $14,700.00 as substitute res for 2020 Green Dodge Charger, VIN: 2C3CDXCT4LH199767;
>
> C. Approximately $9,350.00 as substitute res for 2016 Mercedes-Benz, VIN: WDDHF5KB8GB189918;
>
> D. Approximately $11,700.00 as substitute res for 2020 Blue Dodge Charger, VIN: 2C3CDXCT6LH198135;
>
> E. Approximately $12,900.00 as substitute res for 2019 Dodge Challenger, VIN: 2C3CDZBT0KH739840;
>
> F. Approximately $10,100.00 as substitute res for 2016 Ford F150, VIN: 1FTEW1EP1GKD38991;
>
> G. Approximately $13,600.00 as substitute res for 2015 Jeep Grand Cherokee SRT, VIN: 1C4RJFDJ7FC844795;
>
> H. Approximately $13,200.00 as substitute res for 2018 Dodge Durango, VIN: 1C4SDHCTXJC113990;
>
> I. Assorted jewelry seized from 11307 W. Cindy, Wichita, KS;

J. White gold diamond stud earrings seized from 25 S. Sherman Ave., Liberal, KS;

K. Yellow gold men's ring with "BRM" on top;

L. Gold braided chain with diamond clasp;

M. Approximately $5,250.22 seized from Community Bank Account No. xx3493, styled as Dalecia Anthony, Cabaret 54, located at 2320 N. Kansas, Liberal, KS;

N. Approximately $3,502.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

O. Approximately $2,520.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

P. Approximately $1,000.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

Q. Approximately $10,481.00 in U.S. currency seized from 11307 W. Cindy, Wichita, KS;

R. Approximately $14,403 in U.S. currency seized from 25 S. Sherman Ave., Liberal, KS;

S. Approximately $13,502.00 in U.S. currency seized from 141 W. Pancake, Liberal, KS;

T. Approximately $44,479 in U.S. currency seized from 2501 E. Douglas #10, Wichita, KS;

U. Approximately sixty rounds of FN ammunition;

V. Approximately 132 rounds of assorted ammunition; and

W. Approximately $5,000 in U.S. currency seized on March 2, 2022;

The defendant agrees that this property constitutes proceeds derived from the commission of Count 1 and/or was used or intended to be used to facilitate the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal, and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an

alteration of his sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought

under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide

information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____   Date: 5/8/2025
KATHERINE J. ANDRUSAK
Assistant United States Attorney

_____   Date: 5/7/2025
AARON L. SMITH
Assistant United States Attorney
Supervisor

_____   Date: 5/8/2025
DANNY GRIFFIN
Defendant

_____   Date: 5/8/2025
DAVID M. RAPP
Counsel for Defendant

9