## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CR-10053-001-EFM |
| | ) |
| DANNY MARTEL GRIFFIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Defendant Danny Griffin ("Danny"), by and through his counsel, David M. Rapp of Hinkle Law Firm LLC, and respectfully requests that the Court exercise its discretion and depart downward and/or grant a variance to a sentence of no more than 120 months. As discussed below, this sentencing range conforms with other sentences imposed on Danny's codefendants. Such a sentence is "sufficient, but not greater than necessary" to fulfill the sentencing goals contemplated under 18 U.S.C. § 3553 and also in accordance with various departure policies provided in the Sentencing Guidelines. In support of his request for a downward departure and/or variance, Danny submits this sentencing memorandum for the Court's consideration.

### I. OFFENSE BACKGROUND

This case stems from a drug conspiracy involving Danny and his codefendants. After an initial information and indictment were filed, Danny and his codefendants were subsequently

Case 6:22-cr-10053-EFM   Document 357   Filed 07/23/25   Page 2 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 2 OF 11

charged in a 37-count Superseding Indictment with drug conspiracy along with various other drug offenses and money laundering.

Danny timely accepted responsibility for his actions and pleaded guilty to Count 1 of a single-count Superseding Information charging him with Fentanyl, Heroin, and Cocaine Conspiracy, in violation of 21 U.S.C. § 846. Danny also agrees to forfeit his interests in various jewelry, ammunition, and approximately $195,687.22. In exchange for Danny's guilty plea, the Government agreed to (i) dismiss the remaining counts in the original Indictment and Superseding Indictment at the time of sentencing; (ii) not file any additional charges against Danny arising out of the facts forming the basis for the original Indictment and Superseding Indictment; (iii) the controlled substances attributable to Danny are those seized on or about June 29, 2022, at 11307 W. Cindy and 2501 E. Douglas, and seized on or about March 22, 2021, in Arizona; (iv) recommend the maximum reduction for acceptance of responsibility; (v) recommend a sentence at the low end of the applicable Guideline range; and (vi) allow Danny to reserve the right to request a downward departure and/or variance.

Danny was subsequently interviewed and a presentence investigation report ("PSIR") was prepared. Danny's total offense level is a 39, and his criminal history category is III. Danny's Guidelines range is 240 months, which is the statutory maximum sentence under 21 U.S.C. §§ 841(b)(1)(C) and 846. The Guidelines also provide for supervised release of three years. As discussed in more detail below, a downward departure and/or variance to a sentence of no more than 120 months of imprisonment is appropriate in Danny's case.

Case 6:22-cr-10053-EFM   Document 357   Filed 07/23/25   Page 3 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 3 OF 11

## II.     DANNY'S PERSONAL BACKGROUND

It's no secret that Danny has a troubled past. Danny had a very difficult childhood, with his father in prison and mother dealing with her own substance addiction. Growing up, Danny remembers emotional abuse from his mother. Danny was frequently passed around to relatives for care when his mother was in treatment or not providing adequate care. Danny's mother reported that he never had a chance at a normal life because his parents failed to be there for him when he needed them the most.

There were times in Danny's childhood that his family did not have money for basic necessities. Danny's mother would shoplift while he was present and sometimes get caught. In these instances, he was sent to a children's home. Other times when his mother was unable to care for him, he would stay with his grandmother. However, Danny was very angry as a youth and his grandmother could not handle his behavior. In these instances, Danny would be sent to a boy's home.

Danny has three half-siblings, two of which are currently in prison. Danny has a relationship with his maternal half-brother who is 11 years younger. Danny helped raise him because their mother was checked out in one way or another.

While growing up, Danny had two key men in his life, Eddie Caddell and Kenneth Miller. Mr. Caddell was in a relationship with Danny's mother for approximately nine years. Mr. Caddell was like a father to Danny, but separated from Danny's mother in 1998. Mr. Miller is Danny's uncle, father of codefendant Tevin Taylor, and partner of codefendant Leigh Taylor. Mr. Miller was a drug dealer and was a bad influence on Danny while he was growing up.

Case 6:22-cr-10053-EFM     Document 357     Filed 07/23/25     Page 4 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 4 OF 11

Danny has six children: three in their 20s who live out of state, and three below the age of 9 who all reside in Wichita. Danny has a good relationship with all of his children, but admits he was not there for the three older kids due to his time in prison when they were growing up. Danny wants to be a better father and is trying to have a better relationship with his three younger children. Danny hopes he will not miss all of their childhood as a result of this case.

In May 2021, Danny was shot in the stomach and back. Danny still has a bullet inside his lower back. The damage from the bullet left Danny a paraplegic and his doctors told him he would never walk again. However, Danny is a fighter and slowly regained some control of his legs. Danny can walk, but wears a brace on his right foot to help it from dropping. Even with Danny's remarkable progress, he has limited mobility and cannot run or do certain movements like jumping jacks. Danny is also restricted to a lower bunk in jail. Danny suffers from pain daily as a result of this injury.

Danny acknowledges that on many occasions, he let his anger get the best of him and control the situation. Danny does not want to keep doing that and hopes for a fresh start. Although, Danny's academic grades don't necessarily show it, Danny is very intelligent and has an entrepreneurial mindset. He is skilled in several trades like cooking, auto mechanics and repair, business and real property management, and home remodeling. Danny hopes to develop his property management and remodeling skills and learn to flip properties in the future. Danny knows he can be successful in the right ways and hopes for a chance to turn his life around.

Case 6:22-cr-10053-EFM    Document 357    Filed 07/23/25    Page 5 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 5 OF 11

### III.  LEGAL STANDARDS GOVERNING SENTENCING DEPARTURES AND VARIANCES

The United States Supreme Court has firmly instructed that sentencing courts "may not presume that the Guideline range is reasonable." *Gall v. United States*, 552 U.S. 38, 50 (2007) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007)). Rather, a sentencing court "must make an individualized assessment based on the facts presented." *Id.* "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Indeed, the Guidelines Manual provides, "it is difficult to prescribe a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing decision." U.S.S.G. Ch. 1, Pt. A(1)(4)(b); U.S.S.G. § 5K2.0, backg'd. commentary.

When it comes to sentencing below the Guidelines' recommendation, both departures and variances are available. *Rita*, 551 U.S. at 344. Departures give the Court "flexibility to permit individualized sentences when warranted by mitigating . . . factors not taken into account in the establishment of general sentencing practices." U.S.S.G. § 5K2.0, backg'd. commentary; 28 U.S.C. § 991(b)(1)(B). Departures are based on policy statements set forth in the Guidelines.

On the other hand, variances are not grounded in any express policy or framework in the Guidelines, but reasonable under the circumstances. Under 18 U.S.C. § 3553, the Court considers the following factors when determining an appropriate sentence, i.e. one not greater than necessary to effect the purpose of sentencing.

Case 6:22-cr-10053-EFM    Document 357    Filed 07/23/25    Page 6 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 6 OF 11

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, prevent the defendant from committing more crimes, and provide rehabilitation;

3. the sentences that are legally available;

4. the Sentencing Guidelines;

5. the Sentencing Commission's policy statements;

6. the need to avoid unwarranted sentence disparities; and

7. the need for restitution.

*United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (citing 18 U.S.C. § 3553(a) (1–7)).

The Court has considerable discretion in determining whether a variance is warranted under the circumstances, and further, "[a] variance can be imposed without compliance with the rigorous requirements for departures." *United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012). Most important, a court's final determination of a sentence must reflect section "3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary' to accomplish the sentencing goals advanced in § 3553(a)(2)," retribution, deterrence, incapacitation, and rehabilitation. *See Kimbrough v. United States*, 552 U.S. 85, 111 (2007).

IV. **ARGUMENTS AND AUTHORITIES**

    **A. Departure Policies in the Guidelines**

The Sentencing Guidelines allow the Court to consider specific offender characteristics and use its discretion to depart downward when warranted. Under U.S.S.G. § 5H1.4, the Court can consider Danny's physical conditions and substantial limitations. As noted above, Danny was

Case 6:22-cr-10053-EFM   Document 357   Filed 07/23/25   Page 7 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 7 OF 11

shot approximately four years ago and suffered life-altering damage to his back. Danny was initially a paraplegic, but has slowly gained control and use of his legs over time. Still, his mobility is extremely limited and he suffers from pain on a daily basis. The prison environment will be difficult to navigate and extremely dangerous in Danny's condition, and he respectfully requests that the Court consider his physical limitations and not only depart downward to a sentence of no more than 120 months, but also place Danny in a minimum-security facility.

### B. Variance

#### i. Nature of the Offense

Danny takes full responsibility for his actions in this case. Danny understands the seriousness of this case and recognizes that his actions were wrong. Nonetheless, Danny respectfully submits that the nature of his offenses does not warrant significant scrutiny and harsh treatment. Danny was not involved in a violent crime. There are no victims in this offense. Although incarceration is warranted, a sentence of no more than 120 months, plus three years of supervised release, is sufficient to prevent future crimes and is beyond what is needed to meet the Government's goal of retribution.

#### ii. Criminal History and Deterrence of Future Crimes

Danny has a checkered past and will not try and deny his criminal history. Many of his past mistakes stem from anger at his circumstances, stress, frustration, and trying to take control of the situation in his uncontrollable world of chaos. Other times, Danny was trying to fit in with his mentees who were involved in drug-related activities. It is an understatement to say that Danny had minimal positive guidance throughout his life. Given his circumstances, Danny had to grow

up really fast and be tough. The only way Danny knew how to do this was to fight and show outward aggressions towards others.

Danny is beginning to see that this is not the way to live and wants a better life for his children. He still has time to turn his life around and help his young kids learn from his mistakes growing up. A sentence of ten years will give Danny time to work on himself, plus allow him to have a chance at being an involved father when his younger children are in their teens. Ten years is no joke and still a lengthy prison sentence. It will deter Danny from committing future crimes as well as others going forward.

### iii. Acceptance of Responsibility

After this case was filed, Danny timely accepted responsibility for his actions and pleaded guilty in this matter. He never challenged the Government's evidence nor required any witnesses to come to Court and testify. Danny is remorseful for his behavior and regrets his prior decisions.

### iv. Rehabilitation and Treatment Efforts

Danny grew up in a world of drugs. Both of his parents suffered from substance addiction as well as his aunt and uncle. Danny himself drank alcohol and smoked marijuana almost daily over the past several years until he was arrested in this case.

Although Danny went to treatment on several occasions, nothing really helped. It is difficult to stick with treatment and remain sober in a world of drugs. Danny hopes to participate in substance abuse counseling while serving his sentence in this case and would like to attend the Residential Drug Abuse Program, if eligible.

Case 6:22-cr-10053-EFM   Document 357   Filed 07/23/25   Page 9 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 9 OF 11

*v.  Available Sentences and Unwarranted Sentencing Disparities*

The statutory maximum is 240 months.  Danny respectfully asks the Court to depart downward and/or vary to a sentence that is no more than half the statutory maximum.  A sentence of no more than 120 months is both appropriate under the circumstances and harmonious with the sentences imposed on Danny's codefendants.

- Ricky Armour – Conspiracy to Possess With Intent to Distribute Fentanyl – 156 months imprisonment.
- Lutoyia Ricks – Conspiracy to Commit Mail Fraud and Wire Fraud – 2 years probation.
- Donte Hopkins – Maintaining a Drug Involved Premises – 3 years probation.
- Victor Nunez, Sr. – Possession With Intent to Distribute Fentanyl – 108 months imprisonment.
- Billy Taylor – Drug Conspiracy – 70 months imprisonment.
- Teshyra Hurd – Money Laundering Conspiracy – time served.
- Leigh Taylor – Maintaining a Drug Involved Premises – 42 months imprisonment.

None of Danny's codefendants received a sentence anywhere close to 240 months.  Only one codefendant received a sentence over 120 months.  Regardless, the characteristics surrounding Danny show that a sentence below the 120-month threshold is reasonable.

*vi.  Need for Restitution*

There is no restitution in this case.  However, as mentioned above, Danny agreed to forfeit approximately $195,687.22.

**V.    CONCLUSION**

Danny takes this case seriously and has a strong desire not to reoffend, not only for his family and children's sake, but for his own desires and goals.  Danny is a different person than he was a few years ago.  During the pendency of this case, Danny had time to reflect on his goals for

Case 6:22-cr-10053-EFM   Document 357   Filed 07/23/25   Page 10 of 11

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-CR-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 10 OF 11

his future and family. Danny wants to use his entrepreneurial talents and trade skills to make something of himself that his kids can be proud of. He does not want his current situation to be their life in a few years. Danny just wants a chance, and respectfully requests the Court to grant his request for a downward departure and/or variance and impose a sentence of no more than 120 months imprisonment in a minimum-security facility.

WHEREFORE, Danny respectfully requests that the Court consider all the factors and circumstances discussed herein and depart downward and/or vary and impose a prison sentence of no more than 120 months. Danny further requests that the Court consider his physical limitations and order BOP to place Danny in a minimum-security facility to serve his sentence.

Respectfully submitted,

HINKLE LAW FIRM LLC

By s/ David M. Rapp
   David M. Rapp, #08802
   1617 North Waterfront Parkway, Suite 400
   Wichita, Kansas 67206
   Telephone: 316-660-6214
   Facsimile: 316-630-8375
   E-mail: drapp@hinklaw.com
   *Attorney for Defendant, Danny Griffin*

Case 6:22-cr-10053-EFM    Document 357    Filed 07/23/25    Page 11 of 11

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, Case No. 22-10053-001-EFM
*United States of America v. Danny M. Griffin*
SENTENCING MEMORANDUM
PAGE 11 OF 11

# CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 23rd day of July, 2025, he electronically filed the above and foregoing DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT THEREOF with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Aaron L. Smith
    Katherine J. Andrusak
    Office of the United States Attorney – Wichita
    301 North Main Street, Suite 1200
    Wichita, Kansas 67202-4812
    E-mail: aaron.smith3@usdoj.gov
           katie.andrusak@usdoj.gov
    *Attorney for the United States of America*

                                                 s/ David M. Rapp
                                                 David M. Rapp